## Case No. 15,339.

### UNITED STATES v. HEDGES.

[2 Cranch, C. C. 43.] [1]

Circuit Court, District of Columbia. June Term, 1812.

#### SEAL ON JUSTICE'S WARRANT.

The word "seal" in a scroll is a seal to a justice's warrant. Quære.

Indictment for assault and battery upon Bates, a constable, in the execution of a justice's warrant for debt. The warrant had only a printed scroll and the word "seal," thus (SEAL).

Mr. F. S. Key, for defendant, objected that it was not a seal.

THE COURT (FITZHUGH, Circuit Judge, absent) said that in this part of the country it is a seal according to common usage. Quære.

## Case No. 15,340.

### UNITED STATES v. HEINEGAN.

[1 Cranch, C. C. 50.] [1]

Circuit Court, District of Columbia. Jan. Term, 1802.

#### COURTS — JURISDICTION — DISTRICT OF COLUMBIA.

1. This court has jurisdiction of prosecutions for gaming under the law of Virginia, although that law directs the prosecution to be had before a justice of the peace.

2. An offence against the commonwealth of Virginia, committed in Alexandria before the first Monday of December, 1800, may be prosecuted in this court as an offence against the United States.

3. When the penalty is fixed by law, the fine is not to be assessed by the jury.

Indictment for gaming contrary to the act of Virginia (Rev. Code, p. 184. § 5). Motion to quash the indictment, because the statute points out the mode of prosecution, namely, by conviction before a justice of the peace.

For the traverser it was contended that where another mode of recovering the penalty is provided than by indictment, there indictment cannot be supported; nor can an indictment be maintained unless there be a prohibitory clause. 2 Hale, P. C. 171; Rex v. Robinson, 2 Burrows, 803; Rex v. Royall, 2 Burrows, 832. The act of assembly says "that if any person shall play, &c., every such person, upon conviction thereof before any justice of peace in any county in this commonwealth, by the oath of one or more credible witness or witnesses, &c., shall forfeit and pay twenty dollars, to be levied by distress and sale of the offender's goods, by warrant under the hand of the justice before whom such conviction shall be, and for the use of the poor of the parish wherein such offence shall be committed. And, moreover, every person so convicted shall be committed

to the county jail, there to remain until he give sufficient security for his good behavior for twelve months." The 5th section of the act concerning jurors (Rev. Code, 107) does not extend to the district courts, nor does it necessarily imply that indictment is in all cases a proper mode of recovering a penalty. A presentment is a mere informal accusation. It only denounces the fact in order that it may be punished in legal form. The transfer of jurisdiction has not altered the laws of Virginia in this part of the district. But by the first section of the act concerning the District of Columbia, February 27, 1801 (2 Stat. 103), those laws are expressly declared to remain in force. And although, by the 5th section, this court has cognizance of all offences, yet, by the 11th section, the justices of the peace here are to have the same cognizance as justices of the peace in Virginia. By the letter of the act of assembly the penalty does not accrue until a conviction before a justice of the peace has taken place. By the third section of the supplemental act of congress of 3d March, 1801 (2 Stat. 115), this court is to exercise the same power and jurisdiction as the district courts of Virginia. But those courts have no jurisdiction of this offence. The 2d section of that act did not mean to limit the mode of prosecution, but to alter the style. Besides, the fact is stated in the indictment to have been committed before the 3d of March, 1801, and therefore the act of that date cannot alter the mode of prosecution then existing. The penalty was to accrue to the poor of the parish, and upon the commission of the offence the right to the penalty vested in the parish. The subsequent act of congress could not take away this vested right. If the remedy by indictment is cumulative, it ought not to be countenanced by the court. 2 Hawk. P. C. 301, c. 25, § 4, 7 Coke, 36a; Castle's Case, Cro. Jac. 644.

Mr. Mason, contra. The powers of this court are not limited by those of the district courts of Virginia. The words of the 5th section of the act of congress concerning the District of Columbia are peremptory. This court shall have cognizance of all offences, &c. But the district courts of Virginia had cognizance of this offence by the act of 1797 (chapter 2). No penalty can be recovered but by indictment, presentment, or action of debt. Act of congress of 3d March, 1801, § 2 (2 Stat. 115). The case cited from 2 Burrows only shows that the remedy by indictment is not the best mode. By the constitution of the United States the trial of all criminal cases must be by jury. If the act of Virginia giving cognizance to a justice of peace is repugnant to the constitution, the latter must prevail. The act of 3d of March is not ex post facto, it only directs the mode of prosecution.

THE COURT refused to quash the indictment, relying on the 2d section of the act of 3d of March, 1801. The jury found a ver-

[1] [Reported by Hon. William Cranch, Chief Judge.]